'FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION** 2017 OCT 16  PM 12: 31

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

|  |  |
|---|---|
| FERRARA CANDY COMPANY, ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | 2:17-CV-567-FtM-29Man |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| Jessica Marie Fitzgerald f/k/a Jessica Forit ) | |
| DBA Vape Junkie Ejuice; ) | (Jury Trial Demanded) |
| and ) | |
| VARIOUS JOHN DOES, ) | |
| JANE DOES, and ABC ) | |
| COMPANIES, ) | |
| ) | |
| Defendants. ) | |

**VERIFIED COMPLAINT**

**INJUNCTIVE RELIEF SOUGHT**

The Plaintiff, Ferrara Candy Company (hereinafter "Ferrara Candy"), by way of

complaint against the Defendants, states and alleges as follows:

**INTRODUCTION**

1.     Ferrara Candy brings this complaint for the wrongs asserted in detail hereafter,

and specifically to stop Defendants from using Ferrara Candy's famous and iconic candy brands

to sell e-cigarette products.  Defendants' actions appear to be an attempt to entice children into

nicotine products and tarnish and destroy Ferrara Candy's good reputation and valuable

trademarks.  Defendants have been put on notice of their violations but have continued their

infringing conduct.  Ferrara Candy now seeks a temporary and permanent injunction, damages in

excess of THREE MILLION DOLLARS ($3,000,000.00), and an award of attorney fees and costs.

## PARTIES

2.      Ferrara Candy Company is an Illinois corporation having its principal place of business at One Tower Lane, Suite 2700, Oakbrook Terrace, Illinois 60181. Ferrara Candy is a leading manufacturer of high quality, and well-known confections, including Fruit Stripe Gum, Atomic Fire Ball and Red Hots.

3.      The Defendants identified herein are willfully infringing Ferrara Candy's trademark rights by using Ferrara Candy's product names and images to promote their e-cigarette products, all for their individual and collective gain and profit.

4.      Upon information and belief, Defendant Jessica Marie Fitzgerald f/k/a Jessica Forit DBA Vape Junkie Ejuice  owns and operates an electronic cigarette ("e-cigarette") company named Vape Junkie Ejuice which has its place of business at 3105 SE 8th Avenue, Cape Coral, FL 33904 and 3581 Fowler Street, Fort Myers, Florida 33901.

5.      Jessica Marie Fitzgerald, f/k/a Jessica Forit is also an individual, and is a conscious, active, and dominant force behind the illegal acts of the Defendants set forth herein.

6.      Defendants VARIOUS JOHN DOES, JANE DOES, and ABC COMPANIES, upon information and belief, are individuals and/or business entities who, along with the other herein named Defendant, have engaged in the unauthorized and illegal acts complained of herein. The identities of these unnamed Defendants and the details of their legal associations with the named Defendant herein presently are not and cannot be known to Plaintiff, in large part because they have concealed their identities from public disclosure.

7.      Defendants, either individually and/or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind the illegal activities of the other Defendants as complained of herein, had regular and systematic contacts with and currently does substantial business within this Middle District and have committed the acts complained of herein in commerce.

## JURISDICTION

8.      This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051 - 1127.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1338 and 1367 as well as 15 U.S.C. § 1121, and the principles of pendent jurisdiction.  Jurisdiction is also founded on 28 U.S.C. § 1332 because this is a civil action where the matter in controversy exceeds the sum or value of THREE MILLION DOLLARS  ($3,000,000.00), exclusive of interest and costs, and is between citizens of different States.

9.      Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims and harm and damage to Ferrara Candy occurred and are occurring in this District, and the Defendants transact substantial business within this judicial district.

## PLAINTIFF AND ITS WORLD FAMOUS BRANDS

10.    Plaintiff has been a leading brand in delicious candy and confection for over one hundred years. Plaintiff's goods are distributed and sold throughout the world under a wide ranging family of iconic brands. Plaintiff's portfolio of well known, highly recognized, and unquestionably valuable brands, is as diverse as it is delicious:



11.    Plaintiff is America's number one maker of non-chocolate confection. Plaintiff's products appear in virtually every U.S. marketplace and are sold by most all large scale candy retailers in the United States. Plaintiff is frequently recognized for its remarkable success and achievement in the field. For one of many examples, Plaintiff was recently selected by the

largest retailer in the world as their food division *Made in the USA Supplier of the Year*. Plaintiff's valuable brands are universally known to nearly all of the relevant consuming public.

12.     Ferrara Candy is a manufacturer and seller of candy under many brand names, including, FRUIT STRIPE ATOMIC FIRE BALL, FIREBALL, ATOMIC, and RED HOTS.

13.     Ferrara Candy's FRUIT STRIPE, ATOMIC FIRE BALL, FIREBALL, ATOMIC, and RED HOTS products are sold and distributed nationwide.

14.     Ferrara Candy and its predecessors in interest have been using the mark FRUIT STRIPE to identify and promote its unique and well known gum since 1960.

15.     Ferrara Candy and its predecessors in interest have been using the mark ATOMIC FIRE BALL to identify and promote candy since 1954.

16.     Ferrara Candy and its predecessors in interest have been using the mark RED HOTS to identify and promote candy since 1929.

17.     Ferrara Candy also owns many federal trademark registrations for the FRUIT STRIPE, ATOMIC FIBER BALL, RED HOTS, and FIREBALL marks as summarized in the table below (collectively, "Ferrara Candy's Marks"):

| Mark/Name | Full Goods/Services | App. No./Reg. No. |
|---|---|---|
| ATOMIC | (Int'l Class: 30)<br>candy | RN: 4152512<br>SN: 85125636 |
| ATOMIC FIRE BALL and Design<br><br> | (Int'l Class: 046)<br>candy-namely, jaw breakers | RN: 614947<br>SN: 71678617 |

| Mark/Name | Full Goods/Services | App. No./Reg. No. |
|---|---|---|
| ATOMIC FIRE BALL | (Int'l Class: 30) candy | RN: 1316009 SN: 73476049 |
| ATOMIC FIREBALL | (Int'l Class: 30) candy | RN: 3631230 SN: 77605971 |
| ATOMIC FIREBALL and Design | (Int'l Class: 25) t-shirts,[ caps, button down twill shirts] | RN: 2850711 SN: 78167356 |
| ATOMIC FIREBALL and Design | (Int'l Class: 30) candy | RN: 2368697 SN: 75790755 |
| ATOMIC FIREBALL and Design | (Int'l Class: 25) shirts | RN: 2647972 SN: 76041387 |
| CHEWY ATOMIC FIREBALL | (Int'l Class: 30) candy | RN: 3635241 SN: 77613561 |
| FERRARA PAN ATOMIC FIRE BALL | (Int'l Class: 30) candy | RN: 1602638 SN: 73831987 |

| Mark/Name | Full Goods/Services | App. No./Reg. No. |
|---|---|---|
| FIREBALL | (Int'l Class: 30)<br>candy | RN: 1549387<br>SN: 73763021 |
| RED HOTS | (Int'l Class: 03)<br>lip balm | RN: 3921125<br>SN: 77981048 |
| RED HOTS | (Int'l Class: 32)<br>non-alcoholic cider | RN: 5229283<br>SN: 87002996 |
| RED HOTS | (Int'l Class: 30)<br>candy | RN: 2238836<br>SN: 75446733 |
| RED HOTS | (Int'l Class: 25)<br>clothing, namely, [, caps, fleece pullovers and ] t-shirts | RN: 2669336<br>SN: 78114912 |
| REDHOTS and Design<br> | (Int'l Class: 30)<br>candy | SN: 87169623<br>RN: 5282678 |
| WHITE HOT RED HOTS | (Int'l Class: 30)<br>candy | RN: 4133184<br>SN: 85352540 |
| CHEWY RED HOTS | (Int'l Class: 30)<br>candy | RN: 4140371<br>SN: 85375820 |
| RED HOT DOLLARS | (Int'l Class: 046)<br>candies | RN: 220367<br>SN: 71217344 |
| RED HOT DOLLARS | (Int'l Class: 30)<br>candy | SN: 87433642 |
| FRUIT STRIPE and Design | (Int'l Class: 25)<br>clothing, namely, hats, t-shirts, socks, sweatshirts, sweatpants, pants, shorts, and baseball caps, excluding underwear, sold or distributed as promotional items only in the promotion of a | RN: 3894863<br>SN: 77798748 |

| Mark/Name | Full Goods/Services | App. No./Reg. No. |
|---|---|---|
| FruitStripe | candy business | |
| FRUIT STRIPE | (Int'l Class: 30)<br>chewing gum | RN: 1184034<br>SN: 73238813 |
| FRUIT STRIPE 5 JUICY FLAVORS and Design<br><br>FruitStripe (Juicy Flavors) | (Int'l Class: 30)<br>chewing gum and bubble gum | RN: 3201209<br>SN: 78784674 |
| FRUIT STRIPE ASSORTED GUM and Design | (Int'l Class: 30)<br>chewing gum | RN: 1029501<br>SN: 73044458 |
| FRUIT STRIPE BUBBLE GUM and Design<br><br>FruitStripe (Bubble Gum) | (Int'l Class: 30)<br>bubble gum | RN: 3227185<br>SN: 78784887 |

The registrations were issued in compliance with the law. True and correct copies are attached as Exhibit 1. Registration Nos. 3894863, 1184034, 3201209, 1029501, 3227185, 614947, 1316009, 3631230, 2850711, 2368697, 2647972, 3635241, 1602638, 1549387, 220367, 2238836, and 2669336 are incontestable under 15 U.S.C. § 1065 and are therefore conclusive evidence of the registration of the marks, of ownership of the marks, and of Ferrara Candy's exclusive right to use the marks.

18.     Ferrara Candy and its predecessors in interest have continuously used the Ferrara Candy Marks broadly in interstate commerce for gum and candy products.  The Ferrara Candy Marks are each distinctive, and each generate a strong following and recognition among consumers.

19.     Defendant has been on constructive notice of Ferrara Candy's rights in the Ferrara Candy Marks.

20.     Ferrara Candy's long, continuous and uninterrupted use of the Ferrara Candy Marks in the United States has made the marks and products famous and admired by consumers. The reputation, goodwill and name recognition of the Ferrara Marks are valuable assets to Ferrara Candy.

21.     Ferrara Candy utilizes distinctive and well-known trade dress on its packaging with respect to each of its Ferrara Candy Marks as demonstrated in the photos below (collectively, "Ferrara Candy's Trade Dress"):



 

22.     By virtue of Ferrara Candy's long, continuous and uninterrupted use, along with substantial sales of products bearing the Ferrara Candy Marks and Ferrara Candy Trade Dress, the Ferrara Candy Marks and Trade Dress are famous, and became famous long before Defendants adopted or used them.

## DEFENDANT AND ITS ILLEGAL ACTS

23.     Defendant Jessica Marie Fitzgerald f/k/a Jessica Forit DBA Vape Junkie Ejuice, operates a retail website located at vapejunkieejuice.com, where she has sold and offered for sale e-cigarette products using Ferrara Candy's Marks and Ferrara Candy's Trade Dress without authority from Ferrara Candy.

24.     Shown below are screenshots of Defendant Jessica Marie Fitzgerald f/k/a Jessica Forit DBA Vape Junkie Ejuice's e-cigarette products offered for sale and sold using Ferrara Candy's FRUIT STRIPE, FIREBALL, and RED HOT marks and images of Ferrara Candy's FRUIT STRIPE and RED HOT products.  Attached as Exhibit 2 are true and correct PDF downloads of portions of this website.

**Infringement by Defendant Jessica Marie Fitzgerald f/k/a Jessica Forit DBA Vape Junkie Ejuice of the RED HOT mark**

http://vapejunkieejuice.com/sweets-treats-flavored-eliquids/?sort=featured&page=2



http://vapejunkieejuice.com/cinnamon-red-hot/



**Infringement by Defendant Jessica Marie Fitzgerald f/k/a Jessica Forit DBA Vape Junkie Ejuice of the FRUIT STRIPE mark**

http://vapejunkieejuice.com/sweets-treats-flavored-eliquids/?sort=featured&page=3



http://vapejunkieejuice.com/fruit-stripe-gum-e-liquid-ejuice/



–12–

25.     Upon information and belief, Defendant Jessica Marie Fitzgerald f/k/a Jessica
Forit may be an owner or partner in other entities that are infringing Plaintiff's rights, including
without limitation Michelle Allen DBA ooh La La Premium Eliquids, and Michelle Allen DBA
Exhale Vapor Wholesale.

26.     Defendant's use of the Ferrara Candy Marks and Ferrara Candy Trade Dress or
variations thereof, to ship and sell goods in interstate commerce began long after Ferrara Candy
and its predecessors in interest first used and registered the Ferrara Candy Marks.

27.     Defendant's use of the Ferrara Marks and Ferrara Candy Trade Dress or
variations thereof is without Ferrara Candy's authorization and is in violation of Ferrara Candy's
trademark rights.

28.     Upon information and belief, Defendant has been made aware of Ferrara Candy's
prior rights in the Ferrara Candy Marks and the Ferrara Candy Trade Dress on multiple
occasions, including through letters sent to related companies including Exhale Vapors (Michelle
Allen) on July 6, 2017 and to Exhale Vapors LLC, Orgasmic Flavors Inc., Michelle Allen, DBA
ooh La La Premium Eliquids, and Michelle Allen Exhale Vapors Wholesale on August 2, 2017.

29.     Defendants' use of the Ferrara Candy Marks and Trade Dress is likely to cause
confusion among consumers.

30.     Consumers, upon seeing the Ferrara Candy Marks and Ferrara Candy Trade Dress
to promote the sale of Defendants' e-cigarette products, are likely to believe that the products are
from Ferrara Candy, or are sponsored, endorsed or affiliated with Ferrara Candy.

-13-

31.    Defendants' use of the Ferrara Candy Marks and Ferrara Candy Trade Dress in a manner confusingly similar to Ferrara Candy's federally-registered Ferrara Candy Marks in interstate commerce in connection with the sale of its e-cigarette goods, without the consent of Ferrara Candy, is likely to cause confusion as to the source of origin, affiliation, connection, sponsorship, or association in the marketplace, and has damaged Ferrara Candy.

32.    Defendants' infringement of Ferrara Candy's Marks and Trade Dress has significantly damaged Ferrara Candy in an amount in excess of $3,000,000. Ferrara Candy and its predecessors in interest have invested a substantial amount of money and effort developing the Ferrara Candy Marks and goodwill. A substantial portion of Ferrara Candy's target consumers are children.

33.    Defendants use the Ferrara Candy Marks and Trade Dress to offer for sale and sell e-cigarette products in interstate commerce.

34.    Defendants use the Ferrara Candy Marks and Trade Dress to market their adult products to children.

35.    In fact, the FDA has specifically identified a closely related party, Exhale Vapor LLC, as violating Federal Law for using candy product marks to promote the sale of adult smoking products. This letter is attached as Exhibit 3.

36.    Defendants' use of Ferrara Candy's famous Ferrara Candy Marks is likely to dilute the distinctive quality of the Ferrara Candy Marks. Defendants' use of the Ferrara Candy Marks lessens the ability of Ferrara Candy to identify and distinguish its products in the marketplace.

−14−

37.     Defendants' use of Ferrara Candy's famous Ferrara Candy Marks in connection with e-cigarette products is also likely to tarnish Ferrara Candy's reputation. A candy company whose target market includes children would never authorize an e-cigarette company to use its famous candy marks to promote its e-cigarette products. Such products are illegal for children to purchase and have known adverse health effects. If parents thought Ferrara Candy was trying to use its famous candy brands to hook children into nicotine products, it would dramatically and irreparably harm Ferrara Candy, its reputation and its trademarks.

38.     Defendants have been made aware of Ferrara Candy's prior rights in the Ferrara Candy Marks and Trade Dress, and its objections to Defendants' use of the marks to sell e-cigarette products, through multiple cease and desist letters. Defendants were also aware of Ferrara Candy's prior use of the Ferrara Marks and Trade Dress when it decided to use them. Yet Defendants commenced use of Ferrara Candy's famous Ferrara Candy Marks with the willful intent to trade on the reputation, goodwill, and name recognition of the marks. Attached as Exhibit 4 is the final cease and desist letter sent to Defendants.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

39.     Ferrara Candy repeats and realleges the previous paragraphs of this Complaint.

40.     The Defendants' actions constitute trademark infringement under 15 U.S.C. § 1114. Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Ferrara Candy's rights, which makes this case exceptional under the Lanham Act.

41.     Ferrara Candy has been damaged by Defendants' actions in an amount to be proven at trial, including but not limited to all of Defendants' profits from the sale the infringing products and all damages sustained by Ferrara Candy as a result of Defendants' infringement, which exceeds $3,000,000, exclusive of interest and costs.  If the acts of Defendants are allowed to continue, Ferrara Candy will continue to suffer irreparable injury for which it has no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**

42.     Ferrara Candy repeats and realleges the previous paragraphs of this Complaint.

43.     Defendants' use in interstate commerce of the Ferrara Candy Marks and Trade Dress constitutes unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     By reason of the usages of the Ferrara Candy Marks and Trade Dress and by further reason of the manner of use and the display thereof by Defendants, such use and display is a violation of 15 U.S.C. §1125(a) and constitutes a false designation of origin, and false description and representation that Defendants' products are sponsored by, authorized by, or affiliated with Ferrara Candy.

45.     Defendants' actions have damaged and will continue to damage Ferrara Candy's Marks, reputation, and goodwill, and may discourage current and potential customers from purchasing Ferrara Candy's products.  Ferrara Candy believes that it has been, and will continue to be damaged by such unlawful acts in a manner and amount that cannot be fully measured or

-16-

compensated for in economic terms. If the acts of Defendants are allowed to continue, Ferrara Candy will continue to suffer irreparable injury for which it has no adequate remedy at law.

46.     Ferrara Candy has also been damaged by Defendants' actions in an amount to be proven at trial, including but not limited to all of Defendants' profits from the sale the infringing products and all damages sustained by Ferrara Candy as a result of Defendants' infringement, which exceeds $3,000,000, exclusive of interest and costs.

**COUNT III**
**FEDERAL DILUTION**

47.     Ferrara Candy repeats and realleges the previous paragraphs of this Complaint.

48.     This cause of action arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49.     Ferrara Candy and its predecessors in interest have continuously used the Ferrara Candy Marks and Trade Dress broadly in interstate commerce for gum and candy.

50.     Ferrara Candy and its predecessors in interest have invested a substantial amount of money and effort developing the Ferrara Candy Marks and goodwill. A substantial portion of Ferrara Candy's target consumers for products sold under the Ferrara Candy Marks consists of children.

51.     By virtue of Ferrara Candy's long, continuous and interrupted use, along with substantial sales of products bearing the Ferrara Candy Marks, the Ferrara Candy Marks are famous, and became famous before Defendants adopted or used them.

52.     Defendants' unauthorized use of the Ferrara Candy Marks, to ship and sell goods in interstate commerce, began long after the Ferrara Candy Marks became famous.

53.     Defendants use the Ferrara Marks to offer for sale and sell e-cigarette products in interstate commerce is likely to dilute the distinctive quality of the Ferrara Candy Marks. Defendants' use of the Ferrara Candy Marks lessens the ability of Ferrara Candy to identify and distinguish its products in the marketplace.

54.     Defendants' use of Ferrara Candy's famous Ferrara Candy Marks in connection with e-cigarette products is also likely to tarnish Ferrara Candy's reputation. A candy company whose target market includes children would never authorize an e-cigarette company to use its famous candy mark to promote its e-cigarette products. Such products are illegal for children to purchase and have known adverse health effects. If parents thought Ferrara Candy was trying to use its famous candy brands to hook children into nicotine products, it would dramatically and irreparably harm Ferrara Candy and its Ferrara Candy Marks.

55.     Defendants have been made aware of Ferrara Candy's prior rights in the Ferrara Candy Marks and objections to use of the marks to sell Defendants' e-cigarette products, through several cease and desist letters. Defendants were also aware of Ferrara Candy's prior use of the Ferrara Candy Marks when it decided to use the Ferrara Candy Marks. Yet Defendants commenced use of Ferrara Candy's famous Ferrara Candy Marks with the willful intent to trade on the reputation, goodwill, and name recognition of the marks.

56.     Defendants' actions have damaged and will continue to damage Ferrara Candy's marks, reputation, and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy. Ferrara Candy believes that it has been, and will continue to be

damaged by such unlawful acts in a manner and amount that cannot be fully measured or compensated for in economic terms.

57.     Ferrara Candy has been damaged by Defendants' actions in an amount to be proven at trial, including but not limited to all of Defendants' profits from the sale the infringing products and all damages sustained by Ferrara Candy as a result of Defendants' infringement, which exceeds $3,000,000, exclusive of interest and costs.  If the acts of Defendants are allowed to continue, Ferrara Candy will continue to suffer irreparable injury for which it has no adequate remedy at law.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

58.     Ferrara Candy repeats and realleges the previous paragraphs of this Complaint.

59.     Defendants' activities complained of constitute infringement of Ferrara Candy's common law rights and unfair competition in the state of Florida, and other states where Defendants are conducting their activities.

60.     Defendants' use of the Ferrara Candy Marks in a manner confusingly similar to Ferrara Candy's federally-registered Ferrara Candy Marks in Florida and other states in connection with the advertising, promotion, and/or sale of its e-cigarette goods, without the consent of Ferrara Candy, is likely to cause confusion as to the source of origin, affiliation, connection, sponsorship, or association in the marketplace, and has damaged Ferrara Candy.

61.     Ferrara Candy has been and continues to be damaged by such common law unfair competition in a manner and in an amount to be proven at trial, including but not limited to all of Defendants' profits from sales of the infringing products and all damages sustained by Ferrara

–19–

Candy as a result of Defendants' infringement.

62.     The actions of Defendants have damaged and will continue to damage Ferrara Candy's market, reputation and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy, if Defendants' conduct is not enjoined.

## COUNT V
## FLORIDA FALSE ADVERTISING

63.     Ferrara Candy repeats and realleges the previous paragraphs of this Complaint.

64     This cause of action arises under Florida Stat. §§ 495.151.

65.     Defendants' activities complained of constitute violations of Florida dilution law.

66.     Defendants' actions have damaged and will continue to damage Ferrara Candy's market, reputation and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy, if Defendants' conduct is not enjoined.

67.     Ferrara Candy requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Ferrara Candy prays that the Court enter an order:

A.     Preliminarily and permanently enjoining and restraining the Defendants, their directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendants, at first during the pendency of this action and thereafter perpetually:

1.     from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to

–20–

Ferrara Candy's FRUIT STRIPE ATOMIC FIRE BALL, FIREBALL, ATOMIC, and RED HOTS marks;

2.    from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Ferrara Candy's goods/services as those of Ferrara Candy;

3.    from using in any manner packaging, labels, signs, webpages, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Defendants' goods/services, bearing the words FRUIT STRIPE ATOMIC FIRE BALL, FIREBALL, ATOMIC, and RED HOTS, and any other mark, word, design or name confusingly similar to Ferrara Candy's FRUIT STRIPE ATOMIC FIRE BALL, FIREBALL, ATOMIC, and RED HOTS marks;

4.    from making any statements on promotional materials or advertising for the Defendants' goods/services which are false or misleading as to source or origin; and'

5.    from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' goods/services are the goods/services of Ferrara Candy or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Ferrara Candy under the supervision or control of Ferrara Candy.

B.    An order requiring that the Defendants deliver up to Ferrara Candy any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make

reference to the FRUIT STRIPE, ATOMIC FIRE BALL, FIREBALL, ATOMIC, or RED HOTS trademarks in connection with Defendants' goods/services.

     C.     An order requiring that Defendants, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Ferrara Candy counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to ¶¶ A and B above.

     D.     An order requiring Defendants to account and pay over to Ferrara Candy all damages sustained by Ferrara Candy arising from or related to Defendants' use of the FRUIT STRIPE, ATOMIC FIRE BALL, FIREBALL, ATOMIC, and RED HOTS trademarks, including the loss of goodwill, Defendants' profits, Ferrara Candy attorney's fees, and costs, and ordering that the amount of damages awarded Ferrara Candy be increased three times the amount thereof.

     E.     Awarding Ferrara Candy such other relief as the Court may deem just and proper.

FERRARA CANDY COMPANY

By its attorneys,

Dated: 10/13/17           Respectfully submitted,

/s/JENNIFER L. WHITELAW
Jennifer L. Whitelaw
WHITELAW LEGAL GROUP
Trial Counsel for Plaintiff FERRARA CANDY
COMPANY
Florida Bar No. 0938629
3838 Tamiami Trail North
Third Floor
Naples, Florida 34103
Telephone: 239-262-1001
Facsimile: 239-261-0057
Email: usdcmail@whitelawfirm.com

/s/SCOTT JOHNSTON
Scott Johnston (MN 0247558)
Gregory Golla (MN 0267892)
MERCHANT & GOULD P.C.
Trial Counsel for Plaintiff FERRARA CANDY
COMPANY
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone:  (612) 332-5300
Facsimile: (612) 332-9081
Email: SJohnston@merchantgould.com
Email: GGolla@merchantgould.com

## VERIFICATION

**I DECLARE** under penalty of perjury that I have read the foregoing Complaint, that the same is true and correct.

FERRARA CANDY COMPANY

By:

_____
Signature

Kyle Gaughan, Corporate Counsel
Name and Title

10-11-2017
Date